

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400

**Martin J. Bishop**
Direct Phone:  +1 312 207 2831
Email:  mbishop@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Samuel Kadosh**
Direct Phone:  +1 212 549 0451
Email:  skadosh@reedsmith.com

July 6, 2020

**VIA ECF**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Collins, et al. v. Anthem, Inc., and Anthem UM Services, Inc.* **Case No. 2:20-cv-1969-FB-SIL**

Dear Judge Block:

    We represent Defendants Anthem, Inc. and Anthem UM Services, Inc. (collectively "Anthem"). Pursuant to the Court's Individual Motion Practices and Rules, Anthem seeks leave to file a motion to dismiss.

    To assess whether mental health care at residential treatment centers ('RTC") is medically necessary, Anthem, Inc. first developed its own criteria and later adopted the widely-used, independently developed Milliman Care Guidelines (collectively, "the Criteria"), both of which cite to peer-reviewed medical literature. Plaintiffs Marissa Collins and James Burnett (collectively "Plaintiffs") – members of health plans administered by Anthem and governed by ERISA – brought this putative class action arguing that Anthem's use of the Criteria in denying Plaintiffs' coverage requests for RTC violated Anthem's fiduciary duties to plan participants. Plaintiffs allege that the Criteria are more restrictive than what the plans require and assert Anthem unreasonably used the Criteria to deny their requests for coverage.

    Plaintiffs four causes of action are: <u>Count I</u> for the defendants' alleged breach of fiduciary duties under 29 U.S.C. § 1132(a)(1)(B) in developing, authorizing, and/or using the Criteria; <u>Count II</u> for Anthem UM Services, Inc.'s alleged unreasonable denial of Plaintiffs' claims for benefits under 29 U.S.C. § 1132(a)(1)(B); and <u>Counts III and IV</u> for injunctive and other equitable relief under 29 U.S.C. § 1132(a)(3) "to the extent" that relief is inadequate under section 1132(a)(l)(B) to remedy violations alleged in Counts I and II. Plaintiffs seek an order (a) finding the Criteria are inconsistent with certain plan terms, (b) ordering Anthem to cease using them and to reprocess claims pursuant to new, unidentified guidelines; and (c) an award of fees and unidentified equitable relief. Plaintiffs' complaint is subject to dismissal for the following reasons:

    **First:** The Court should dismiss Count I because Plaintiffs have not adequately alleged that Anthem acted in a fiduciary capacity as to Plaintiffs' health plans when it developed or adopted the Criteria. "In every case charging breach of ERISA fiduciary duty, then, the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). "[D]ecisions about the

ReedSmith

The Honorable Frederic Block
July 6, 2020
Page 2

content of a plan are not themselves fiduciary acts." *Id.* at 226; *accord Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996) (decisions to "adopt, modify, or terminate welfare plans" are non-fiduciary acts); *see also Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 367–68 (2d Cir. 2014) ("[T]he employer acts as a fiduciary when administering a plan but not when designing or making business decisions allowed for by a plan, even though in all three situations its determinations may impact on its employees."); *In re Express Scripts/Anthem ERISA Litig.*, 285 F. Supp. 3d 655, 682 (S.D.N.Y. 2018) (Anthem's selection of a pharmacy benefit manager was not a fiduciary act).

"Virtually every circuit has agreed that because [the] defined functions [in the definition of fiduciary] do not include plan design, an employer may decide to amend an employee benefit plan without being subject to fiduciary review." *Siskind v. Sperry Ret. Program, Unisys*, 47 F.3d 498, 505 (2d Cir. 1995) (*abrogated on other grounds by Janese v. Fay*, 692 F.3d 221 (2d Cir. 2012). Here, the Complaint makes clear that Anthem's decision to utilize the Criteria is a system-wide decision relating to plan design, and not an individual benefit determination which constitutes a fiduciary act. *See* Dkt. 1 at ¶ 1 (alleging the Criteria applied to all plans Anthem administers). Accordingly, Count I must be dismissed.

**Second:** Plaintiffs lack standing to seek claims reprocessing using new, unidentified criteria because the remedy for the harm alleged is entirely speculative. "[O]btaining restitution or disgorgement under ERISA requires that a plaintiff satisfy the strictures of constitutional standing by demonstrating individual loss; to wit, that they have suffered an injury-in-fact." *Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450 (3d Cir. 2003). Plaintiffs merely speculate that they would qualify for benefits under some different criteria, and "speculation as to whether [a health plan] will provide future benefits is insufficient to plead an injury for purposes of Article III standing." *Craft v. Health Care Serv. Corp.*, 2016 WL 1270433, at *3 (N.D. Ill. Mar. 31, 2016); *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 102–03 (2d Cir. 2011) (relying on *Craft*); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 200 (2d Cir. 2005) (same).

Plaintiffs' speculative theory that reprocessing their claims under some different set of guidelines will result in relief effectively seeks restitution or disgorgement in the absence of an actual injury. *See Kendall v. Employees Ret. Plan of Avon Prod.*, 561 F.3d 112, 119–20 (2d Cir. 2009) *abrogated on other grounds by Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352 (2d Cir. 2016) ("[Plaintiff's] claims for payment of benefits under a revised Plan and fees is effectively a request for a disgorgement of funds [plaintiff] believes Avon gained by not paying out benefits under a plan that conforms with ERISA. We therefore require that [plaintiff] demonstrate some injury-in-fact to have standing to bring these claims.").

Plaintiffs acknowledge that the Criteria were not the only considerations Anthem applied in making its determinations to deny coverage. Indeed, there are other plan terms Plaintiffs fail to acknowledge that must be satisfied before Plaintiffs could obtain coverage for their residential treatment. Compl. ¶ 15 (noting that the coverage requirement that the services be medically necessary included more than just the requirement that services be provided in accordance with generally accepted standards of medical practice) and ¶ 97 (noting that Anthem relied on more than just the Criteria in rendering coverage decisions). Thus, even if the Criteria were replaced with the unidentified criteria Plaintiffs desire, Plaintiffs still have not alleged how or that they would satisfy the new clinical coverage criteria or the other parts of the medical necessity definitions found in their health plans. Such allegations of "conjectural or hypothetical" harm are insufficient for Article III standing. *Faber*, 648 F.3d at 102.

Similarly, Plaintiffs' claim for forward-looking injunctive relief in Count III fails because Plaintiffs do not plausibly allege future harm. "To establish standing to obtain prospective relief, a plaintiff

must show a likelihood that he will be injured in the future." *Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010). The plaintiff must allege a "substantial risk" that the future injury will occur, or the threatened injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 n. 5 (2013). Allegations of "past exposure to illegal conduct" is insufficient. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Last month, the Supreme Court affirmed there is no ERISA exception to this rule: "the cause of action does not affect the Article III standing analysis. This Court has rejected the argument that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1620 (2020) (plaintiffs did not have standing to bring ERISA claim even if they alleged a violation, because they did not also allege harm). Here, Plaintiffs only provide a conclusory, speculative claim of future harm, and therefore, lack standing to pursue injunctive relief.

**Third:** Counts I and II must be dismissed insofar as they are brought regarding self-funded plans because Anthem UM Services, Inc., which acts in a claims administration function, is not the proper defendant with respect to plans that Anthem does not insure. A claims administrator is only a proper defendant in such a case when the ERISA plan gives the claims administrator "'sole and absolute discretion' to deny benefits and make 'final and binding' decisions as to appeals of those denials." *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 132 (2d Cir. 2015) ("NYSPA"). The terms of Plaintiffs' health plans[1] provide for a right of external appeal of Anthem UM Services, Inc.'s benefits determination. This makes the ERISA plan the proper defendant. *See Gallagher v. Empire HealthChoice Assurance, Inc.*, 339 F. Supp. 3d 248, 255 (S.D.N.Y. 2018) (granting motion to dismiss § 1132(a)(1)(B) claim where claims administrator exercised "less than total control over the benefits denial process"); *Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, 217 F. Supp. 3d 608, 631 (N.D.N.Y. 2016) (same); *see also Biller v. Excellus Health Plan, Inc.*, 2015 WL 5316129, at *13 (N.D.N.Y. Sept. 11, 2015) (claims administrator not proper defendant when plan binds claims administrator to determination of "External Appeal Agent").

**Fourth**, Counts III and IV, which seek equitable relief under 29 U.S.C § 1132(a)(3) should be dismissed because Plaintiffs are simply repackaging claims for benefits under 29 U.S.C § 1132(a)(1)(B). In *Varity v. Howe,* 516 U.S. 489, 512 (1996), the Supreme Court warned that Section 1132(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132(a)(1)(B)] does not elsewhere adequately remedy." Here, Plaintiffs do not allege any separate factual allegations to support Counts III and IV, nor do they allege why reprocessing their claims or a declaration of their future rights under the plan – both remedies that they seek under 1132(a)(1)(B) – would not provide them with full relief. *See* 29 U.S.C § 1132(a)(1)(B) (allowing recovery of benefits and clarification of rights to future benefits under the plan). Plaintiffs' conclusory request for relief under Section 1132(a)(3) seeks relief "only to the extent" that relief under Section 1132(a)(1)(B) is inadequate to remedy the violations alleged in Counts I and/or II. Unlike in *NYSPA*, where the plaintiffs asked for both benefits under the plan and specified equitable relief, here neither Counts III nor IV specifies any particular equitable relief being sought. On that basis, Counts III and IV should be dismissed. *See Xiaohong Xie v. JPMorgan Chase Short-Term Disability Plan,* No. 15CV04546LGSKHP, 2017 WL 2462675, at *5 (S.D.N.Y. June 7, 2017) (denying leave to amend to add § 1132(a)(3) claim: "Plaintiff can obtain a full remedy in connection with her claim for unpaid [] benefits under Section 502(a)(1)(B), she cannot bring a claim under Section 502(a)(3) as a matter of law.").

---

[1] The court may consider these because they are "documents incorporated into the complaint by reference," *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 149 (2d Cir. 2013).

ReedSmith

The Honorable Frederic Block
July 6, 2020
Page 4

Respectfully,


/s/ Samuel Kadosh
Martin J. Bishop*
Rebecca R. Hanson*
Samuel Kadosh


cc:     Hon. Steven I. Locke
        Counsel of Record



* PHV forthcoming