UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MARISSA COLLINS, on her own behalf, and on behalf of all others similarly situated, JAMES BURNETT, on behalf of his son, and on behalf of all others similarly situated, and KARYN SANCHEZ, on behalf of her minor son and all others similarly situated,

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-001969

        Plaintiffs,

-against-

ANTHEM, INC. and ANTHEM UM SERVICES, INC.,

        Defendants.
-------------------------------------------------x

*Appearances:*

| | |
|---|---|
| D. BRIAN HUFFORD | MARTIN J. BISHOP |
| JASON S. COWART | REBECCA R. HANSON |
| CAROLINE E. REYNOLDS (*pro hac vice*) | SAMUEL KADOSH |
| SAMANTHA M. GERENCIR (*pro hac vice*) | Reed Smith LLP |
| Zuckerman Spaeder LLP | 10 South Wacker Drive |
| 485 Madison Avenue, 10th Floor | Chicago, IL 60606 |
| New York, NY 10022 | *For Defendants* |

MEIRAM BENDAT (*pro hac vice*)
Psych-Appeal, Inc.
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
*For Plaintiffs*

**BLOCK, Senior District Judge:**

        Defendants Anthem Inc. and Anthem UM Services, Inc. (together, "Anthem" or "Defendants") move for partial dismissal of the Amended Complaint, pursuant to

1

FRCP 12(b)(6).[1] Defendants' motion is DENIED.

## I.

Plaintiff Marissa Collins is the beneficiary to a health care plan in New York, issued by a wholly-owned and controlled subsidiary of Defendant Anthem, Inc. At relevant times, Plaintiff James Burnett and his son have been a participant in and a beneficiary of health care plans in Maine, issued by wholly-owned and controlled subsidiaries of Defendant Anthem Inc. Plaintiff Karyn Sanchez and her minor son are a participant in and beneficiary of a health care plan in Texas, sponsored by Sanchez's employer and administered by a wholly-owned and controlled subsidiary of Defendant Anthem Inc. Each plan determines benefit eligibility in part by "medical necessity," defined as being in accordance with generally accepted standards of medical practice.[2] All plans are governed by ERISA.

Defendant Anthem Inc. is an independent licensee of Blue Cross and Blue Shield Association. Anthem Inc.'s Office of Medical Policy and Technology Assessment and their Medical Policy and Technology Assessment Committee develop and authorize coverage guidelines and clinical utilization management guidelines used by Anthem health plans across the country, which dictate, among

---

[1] This Court has federal question jurisdiction, as well as jurisdiction under 29 U.S.C. § 1132.
[2] Collins's Plan defines "medically necessary" as "provided in accordance with generally accepted standards of medical practice." The Burnett Plans define it as "consistent with generally accepted standards of medical practice." The Sanchez Plan defines it as "within the standards of good medical practice within the organized medical community."

other things, the criteria for "medical necessity." Defendant Anthem UM Services, Inc. is a wholly-owned and controlled subsidiary of Anthem Inc. and makes "final and binding" determinations of plan members' coverage based on the guidelines developed by Anthem, Inc.

Plaintiffs or their beneficiaries were denied coverage, in full or in part, for residential treatment of psychiatric conditions based on Anthem's guidelines, in particular the Psychiatric Disorder Treatment guidelines. Plaintiffs allege Anthem's guidelines are impermissibly restrictive, and therefore inconsistent with "medical necessity" as defined in their plans.

Plaintiffs allege claims for 1) breach of fiduciary duty, pursuant to ERISA, against both defendants; 2) unreasonable benefit denials against Anthem UM; 3) injunctive relief against both defendants; and 4) other appropriate equitable relief against both defendants. Defendants move to dismiss, arguing that Plaintiffs have failed to state a claim for Count 1; that the complaint identifies the wrong defendants for Counts 1 and 2 as they relate to Plaintiff Sanchez; that Counts 3 and 4 are duplicative of Counts 1 and 2; and that allegations related to the substance use disorder guidelines were not properly included in the complaint. Defs. Br. 1-3.

## II.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S.at 678.

### a. Count 1 was properly alleged

Defendants argue that Anthem's adoption of guidelines is a business decision and not a "fiduciary act" and, as a matter of law, cannot constitute a breach of fiduciary duty. Defs. Br. at 8. The Court disagrees.

Plaintiffs have properly alleged that Defendants were acting in a fiduciary capacity. The "decision to amend a [health] plan concerns the composition or design of the plan itself and does not implicate [Anthem]'s fiduciary duties." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999); *see also Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) ("Employers or other plan sponsors are generally free . . . to adopt, modify, or terminate welfare plans."). But, once a plan is established, as here, "the administrator's duty is to see that the plan is 'maintained pursuant to [that] written instrument.'" *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108 (2013).

The decision to interpret the terms of the contract—here, "medical necessity"—using specific guidelines is not a business decision regarding the composition or design of the health care plans. Rather, Plaintiffs have alleged a claim "with respect to the interpretation of plan documents and the payment of claims" pursuant to plans' "medical necessity" standard—a fiduciary act. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Therefore, there is no basis to dismiss the claim at this time.

### b. Defendants Anthem and Anthem UM are proper defendants for Counts 1 and 2 regarding Plaintiff Sanchez

Defendants argue Counts 1 and 2 must be dismissed as to Plaintiff Sanchez because Defendants are not the proper defendants, as they are "not financially responsible for her claims, nor did [they] have final authority to adjudicate her benefit claims." Defs. Br. at 8; *see* ERISA § 502(a)(1)(B).

"In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509 (2d Cir. 2002); *Bushell v. UnitedHealth Grp. Inc.*, No. 17-CV-2021 (JPO), 2018 WL 1578167, at *8 (S.D.N.Y. Mar. 27, 2018) (identifying the plan, the plan administrator, the plan trustee, or a "claims administrator who exercises total control over claims for benefits as proper defendants" as proper defendants). "[I]f a plan specifically designates a plan administrator, then that individual or entity is *the* plan

5

administrator for purposes of ERISA." *Moses v. Revlon Inc.*, No. 15-CV-4144 (RJS), 2016 WL 4371744, at *3 (S.D.N.Y. Aug. 11, 2016), *aff'd,* 691 F. App'x 16 (2d Cir. 2017)). A claims administrator must "exercise[] total control over claims for benefits . . . by enjoy[ing] 'sole and absolute discretion' to deny benefits and mak[ing] 'final and binding' decisions as to appeals of those denials." *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.* ("NYSPA"), 798 F.3d 125, 132 (2d Cir. 2015) (quotations omitted).

In the Amended Complaint, Anthem is identified as the "administrator" of Sanchez's plan, and her employer as the plan sponsor. Sanchez's plan identifies Anthem as claims administrator but does not identify a separate plan administrator. Declaration of Michelle Kersey ("Kersey Dec."), Ex. 1, p. 94, 100; *Moses*, 2016 WL 4371744, at *3.

Sanchez's plan does not further clarify Anthem's level of control. The plan does allow for an external review process resulting in a "final and binding" decision. *See Gallagher v. Empire HealthChoice Assurance, Inc.*, 339 F. Supp. 3d 248, 255 (S.D.N.Y. 2018) (citing *Biller v. Excellus Health Plan, Inc.*, No. 3:14-CV-0043 GTS/DEP, 2015 WL 5316129, at *13 (N.D.N.Y. Sept. 11, 2015)) (claims administrator not a proper party where it "was bound by the determination of an External Appeal Agent"). But external review is not guaranteed to each member, and the request for external review must be submitted through, and presumably

6

approved for review by, Anthem. Kersey Dec. Ex.1, 71 ("[I]f the outcome of the mandatory first level appeal is adverse to You and it was based on medical judgment, or if it pertained to rescission of coverage, You *may* be eligible for an independent External Review pursuant to federal law." (emphasis added)). And while the Amended Complaint identifies Anthem UM as the entity with "final and binding" decision making, neither the plan nor Defendants identify a different entity. Finally, Sanchez's plan allows for the filing of a lawsuit and only requires that the participant exhaust internal appeals procedures. *Id.* at 73.

At this stage, Defendants have not shown that they do not "exercise total control" over Sanchez's benefits claims and denials. Therefore, there is no basis to dismiss the claims. The Court notes that at a later stage, the Defendants may still prove that they did not exercise total control over Sanchez's benefits claims.

### c. Count 3 and 4 are appropriate alternative pleadings

Defendants argue Counts 3 and 4 should be dismissed because Counts 1 and 2 provide adequate relief. Defs. Br. at 8. The Court disagrees.

Alternative pleading is proper under the Federal Rules of Civil Procedure. *See* F.R.C.P. 8(a)(3). While Plaintiffs ultimately may not recover under Counts 3 and 4, at the motion to dismiss stage, "it is too early to tell if [their] claims under § 502(a)(3) are in effect repackaged claims under § 502(a)(1)(B)." NYSPA, 798 F.3d at 134; *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011) (where relief was both monetary

7

and equitable the district court was to determine under which subsection relief was provided). Therefore, there is no basis to dismiss the claims at this time.

### d. Substance use allegations will not be dismissed at this stage

Defendants argue that allegations related to substance use should be dismissed, because Plaintiffs do not "identify these purported substance use disorder guidelines, or allege that Anthem used any substance use disorder guidelines to deny Plaintiffs' benefit claims." Defs. Br. at 8. The Court disagrees.

Plaintiffs do not make separate claims regarding substance use. *See* NYSPA, 798 F.3d at 135 (dismissing separate counts that were not properly alleged). Defendants' request thus resembles a motion to strike, which "will be denied unless it can be shown that no evidence in support of the allegation would be admissible." *NY Islanders Hockey Club, LLP v. Comerica Bank—Texas*, 71 F. Supp. 2d 108, 120 (E.D.N.Y. 1999).

Though they do not cite to Defendants' policy on substance use disorders, Plaintiffs allege that residential treatment for substance use, like for mental health disorders, was not evaluated according to the plans' definitions of "medical necessity" or to general medical norms. They also allege that substance use and mental health disorders are comorbid, and that Plaintiff Burnett's son experienced both mental health and substance use disorders. It is plausible that, through discovery, Plaintiffs may uncover the substance use guidelines and determine if they

8

contain similarly restrictive criteria for "medical necessity" as in the Defendants' Psychiatric Disorder Treatment policy and if the policy was used to make benefits determinations for any of the plaintiffs or class members.

Because "[i]t cannot be said at this time that the challenged allegations of the complaint have no bearing on the subject matter of the action," the allegations will not be dismissed. *Barrom v. Roux Lab'ys*, 3 F.R.D. 175, 175 (S.D.N.Y. 1942).

## CONCLUSION

For the foregoing reasons, the Defendants' motion is DENIED.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 24, 2022