UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARISSA COLLINS, on her own behalf, and
on behalf of all others similarly situated,
JAMES BURNETT, on behalf of his son, and
on behalf of all others similarly situated, and
KARYN SANCHEZ, on behalf of her minor
son and all others similarly situated,

               Plaintiffs,

  v.

ANTHEM, INC. and ANTHEM UM
SERVICES, INC.,

               Defendants.

Civil Action No. 2:20-cv-01969-~~FB~~-SIL

---

## ~~[Proposed]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO CLASS MEMBERS

WHEREAS, on March 19, 2024, this Court certified, pursuant to Federal Rule of Civil Procedure 23(b)(2), a Class defined as follows:

> Any member of a health benefit plan governed by ERISA, the terms of which require that covered services must be provided in accordance with generally accepted standards of medical practice, (a) whose request for coverage of residential treatment services for a behavioral health disorder was denied for lack of medical necessity by Anthem UM Services, Inc. on or after April 29, 2017; where (b) such denial was based on Anthem's Clinical UM Guidelines or the MCG Guidelines for Residential Behavioral Health Level of Care; and (c) such denial was not reversed on administrative appeal.

Mem. and Order, ECF No. 112, at 39.

WHEREAS, Class Representatives Marissa Collins, Karyn Sanchez, James Burnett, and

A.I.,[1] individually and on behalf of the Class, and Defendants Anthem, Inc. and Anthem UM

---

[1] On June 21, 2022, this Court granted Intervenor Plaintiff A.I.'s motion to proceed anonymously in this litigation and to seal or redact personally identifying information pertaining to himself and his minor daughter. *See* ECF Nos. 55, 58 and Electronic Order dated June 21, 2022.

Services, Inc. (collectively, "Defendants" or "Anthem") have determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement executed as of June   30  , 2025, and all exhibits thereto (the "Settlement Agreement"), the original of which is filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement");

at DE [124-3]

WHEREAS, Class Representatives have filed an unopposed motion for an order that, *inter alia*, (1) preliminarily approves the Settlement on the terms set forth in the Settlement Agreement; (2) appoints the Settlement Administrator; (3) directs the Settlement Administrator to notify the Class Members of the proposed Settlement per the approved form of notice; (4) establishes a deadline for Class Members to opt out of or object to the Settlement; (5) establishes a deadline for Class Members to submit claims for reimbursement from the Out-of-Pocket Reimbursement Fund; and (6) schedules a hearing to determine whether the Settlement should be finally approved as fair, reasonable, and adequate, and whether an order finally approving the Settlement should be entered;

WHEREAS, the Court, having read and considered the motion, the memorandum submitted in support of the motion and the exhibits thereto, including the proposed Plan of Allocation and the Settlement Agreement and the exhibits thereto, including the proposed (i) Notice of Proposed Settlement of Class Action and Fairness Hearing; (ii) Final Order and Judgment Approving Settlement; and (iii) Class Action Fairness Act Notice, finds that substantial and sufficient grounds exist for entering this Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to Class Members ("this Order"); and

WHEREAS, upon review and consideration of the foregoing materials, the Court has found good cause for entering this Order.

**THEREFORE, IT IS ORDERED THAT:**

1.      The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

2.      The Class includes all persons who meet the following definition of the Class certified by this Court on March 19, 2024:

> Any member of a health benefit plan governed by ERISA, the terms of which require that covered services must be provided in accordance with generally accepted standards of medical practice, (a) whose request for coverage of residential treatment services for a behavioral health disorder was denied for lack of medical necessity by Anthem UM Services, Inc. on or after April 29, 2017; where (b) such denial was based on Anthem's Clinical UM Guidelines or the MCG Guidelines for Residential Behavioral Health Level of Care; and (c) such denial was not reversed on administrative appeal.

3.      The proposed Settlement as reflected in the Settlement Agreement and all exhibits thereto is hereby preliminarily approved. The Court finds that it is likely to be able to approve the Settlement as fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

> (i) the costs, risks, and delay of trial and appeal;
>
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e).

4.    The Court also finds that it is likely to be able to approve the Settlement as fair, reasonable, and adequate under the "*Grinnell* factors," which consider:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the Class through the trial; (7) the ability of Defendants to withstand a greater judgment; (8) the range of reasonableness of the Settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000). Accordingly, notice of the proposed Settlement should be given to the Class.

5.    The Court approves the substance of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") and the Opt-Out Form, which are attached to the Settlement Agreement as Exhibit C, as well as the Claim Form, which is attached to the Settlement Agreement as Exhibit D. The Notice program includes: (i) the mailing of the Notice directly to the Class Members; (ii) a Settlement website containing the Notice information, Opt-Out Form, Plan of Allocation and Claim Form, and relevant pleadings about the case, including the Motion for Preliminary Approval and, when filed pursuant to the schedule set forth herein, the Fee Application and application for Incentive Awards for the Class Representatives; and (iii) a dedicated telephone number by which members of the Class can obtain information about the Settlement. The Court finds that these procedures established for Notice by the Settlement Agreement are the best practicable under the circumstances and are reasonably calculated to apprise the Class Members of the pendency of the Action and the proposed Settlement, afford any member of the Class an opportunity to present any objections to the Settlement or to opt out of the Settlement, and comply in all respects with the Federal Rules of Civil Procedure and all of the requirements of due process. Plaintiffs shall correct the case number throughout the Notice and Claim Form prior to mailing.

6.      The Court approves the form and substance of the CAFA Notice, attached to the Settlement Agreement as Exhibit B. The Court further finds and orders that upon mailing of the CAFA Notice to the attorneys general of the United States and the states where Class Members are located (based on available information at the time such notices are sent), Defendants will have complied with the notice requirements of the Class Action Fairness Act pursuant to 28 U.S.C. § 1715.

7.      Simpluris is hereby appointed as Settlement Administrator. The Settlement Administrator shall be responsible for providing the Notice to the Class Members in accordance with the provisions of the Settlement Agreement and this Order. The Court finds that the Settlement Administrator has experience handling cases that involve protected health information ("PHI"), including as that term is defined by 45 C.F.R. § 160.103.

8.      Within seven (7) days after entry of this Order, Anthem shall provide the Settlement Administrator (with a copy to Class Counsel) with the Class Data, to the extent it has not already provided such Class Data. Within thirty (30) days after entry of this Order, the Settlement Administrator shall provide the Notice to all Class Members in accordance with the Settlement Agreement.

9.      Anthem and its counsel are authorized and directed to disclose the Class Data to the Settlement Administrator (with a copy to Class Counsel) in accordance with the foregoing paragraph and the terms of the Settlement. Where available, Anthem and its counsel are also authorized and directed to disclose agreed-upon information about Class Members and their claims to the Settlement Administrator and Class Counsel (including its litigation support vendor), as needed to facilitate administration of the Settlement in accordance with this Order and the Settlement's terms. Such disclosures, which include information protected by HIPAA and

potentially other laws (including state privacy laws), are necessary to facilitate the Settlement, and therefore good cause and a compelling need exist for these disclosures, the interests supporting disclosure outweigh the need for greater confidentiality, and non-disclosure would be contrary to the public interest. To the extent any provision of federal or state law requires the Parties to obtain a court order as a precondition for the disclosure of information related to or arising out of the treatment of a mental health condition or substance use disorder, this Order satisfies that requirement. Anthem shall designate any such material produced containing "Confidential Health Information" as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the Stipulated Discovery Protective Order entered in the Action (ECF No. 46) and shall produce the data in encrypted form, and the information shall be subject to all the restrictions on use in the Stipulated Discovery Protective Order. In particular, consistent with Paragraphs 10 and 11 of the Stipulated Discovery Protective Order, Class Counsel shall ensure that, prior to receiving any Designated Material, the Settlement Administrator is informed of the confidential nature of the Designated Material and the restrictions on the use of this information, and that the Settlement Administrator executes an agreement substantially in the form of Appendix A to the Stipulated Discovery Protective Order, agreeing to be bound by the terms of the Stipulated Discovery Protective Order.

10.     In order for a Class Member to be excluded from the Settlement, the Class Member must request exclusion by submitting a complete, signed, and valid Opt-Out Form to the Settlement Administrator at the address stated in the Notice, which must be postmarked or submitted online no later than sixty (60) days after the date on which the Notice is mailed or otherwise provided. In the event that a Class Member submits a timely and valid Opt-Out Form and does not subsequently retract that request for exclusion as provided in the Settlement

Agreement, that Class Member shall be excluded from the Class, and shall not be entitled to participate in the Settlement.

11.     To object to the Settlement, a Class Member must send a complete, signed, and valid written objection to the Court at the address described in the Notice, which must be postmarked no later than sixty (60) days after the date on which the Notice is mailed or otherwise provided. The objection must include the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence or other information the Class Member wishes to introduce in support of the objections. Class Members may object either on their own or through an attorney retained at their own expense. The written objection must also contain (i) the Class Member's name, address, signature, and telephone number; (ii) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection; (iii) the caption of each case in which the objector has made such objection; (iv) a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; and (v) the identity of all counsel who represent the objector. If the objecting Class Member or their attorney intends to appear at the Fairness Hearing, the Class Member must also include, as part of the objection, a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing and the identity of all counsel representing the objector who will appear at the Fairness Hearing. Copies of such objection and notice, and all documentation in support thereof, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and Anthem's Counsel at the addresses provided in the Notice. Any Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the

Settlement. The procedures and requirements for filing objections satisfy the due process rights of all Class Members and are sufficient to ensure the efficient administration of justice and the orderly presentation of any Class Members' objections to the Settlement.

12.    No later than twenty-one (21) days before the opt-out and objection deadline, Plaintiffs shall file their motion for attorneys' fees, reimbursement of costs and expenses, and Incentive Awards to the Class Representatives (the "Fee Motion"). The Court finds that this schedule is reasonable and adequate to enable members of the Class to consider the Fee Motion in deciding whether to opt out or object to the Settlement.

13.    No later than seven (7) days after the Settlement Administrator provides the Final Report on Opt-Outs, Plaintiffs shall file their motion for final approval of the Settlement and any other papers in support of final approval. Copies of all such papers shall be served upon all Class Members (or their counsel) who file a valid and timely objection to the Settlement.

14.    The Court will determine whether to grant final approval of the Settlement at a Fairness Hearing to be held before this Court on ___January 26, 2026 at 11:00 A.M.___, ~~2025~~ at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY in Courtroom 820 11722 (the "Fairness Hearing"). The Court will determine pursuant to the Fairness Hearing that it has jurisdiction over the subject matter and the Parties. It will further determine whether the proposed Settlement and Plan of Allocation is fair, reasonable, and adequate, and whether it should be finally approved by the Court. Finally, it will decide the Fee Motion, the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel pursuant to Federal Rule of Civil Procedure 23(h), and the amount of any Incentive Awards to be awarded to the Class Representatives.

15.    Through Class Counsel, the Settlement Administrator shall, at least seven (7) days prior to the Fairness Hearing, file with the Court proof of mailing of the Notice to the Class.

16.    Any Class Member may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement as embodied by the Settlement Agreement and the application for Incentive Awards, and attorneys' fees, costs, and expenses to Class Counsel. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the Settlement Agreement, or the application for an award of attorneys' fees, costs, and expenses to Class Counsel unless such person, no later than sixty (60) days after the date on which the Notice is mailed or otherwise provided, has filed with the Court an objection to the Settlement and a notice of an intention to appear.

17.    The Court reserves the right to adjourn and/or reschedule the Fairness Hearing without further notice of any kind to Class Members. Therefore, any Class Member intending to attend the Fairness Hearing should (in addition to complying with all instructions and requirements above) monitor the date, time, and location of the Fairness Hearing on the Court docket.

18.    Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in the Action are stayed, except as specifically provided for in this Order. If the Effective Date does not occur, or if the Parties' Settlement Agreement is otherwise terminated and canceled pursuant to its terms, the Settlement shall be void and of no force and effect, and the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of the Settlement Agreement. Plaintiffs and Anthem expressly reserve all rights, claims, defenses, and positions for litigation purposes pending final approval of the Settlement.

19.     Except to the extent a Class Member validly opts out, in accordance with this Court's authority under 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, pending this Court's ruling on final approval, all Class Members (on their own behalf and on behalf of their representatives and others listed in Paragraph 13(x) of the Settlement Agreement) shall be preliminarily enjoined and barred from asserting any Released Claims against Defendants or their Affiliated Entities. Released Claims are:

> [A]ll claims raised in the Complaints and any and all liabilities, suits, debts, covenants, controversies, promises, judgments, rights, claims, actions, class claims, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that were or could have been alleged or asserted in the Action, with respect to the Class Members' requests for benefits for residential treatment services that were denied for lack of medical necessity throughout the Class Period.

20.     Prior to the entry of the Final Approval Order and Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and Defendants' counsel in their discretion without giving any additional notice to the Class (other than the Notice given with respect to the Settlement and the Fairness Hearing pursuant to this Order), provided that such modifications in the aggregate are not materially adverse to the Class.

21.     This Court hereby retains jurisdiction to consider further matters and applications arising out of or connected with the Settlement and this Order.

22.     The Court approves the following schedule for Settlement-related activities:

| DATE | EVENT |
|---|---|
| June 30, 2025 | Class Counsel files a motion for Preliminary Approval of the Settlement |
| July 10, 2025 | Deadline for Anthem, through the Settlement Administrator, to provide the notice required under the Class Action Fairness Act pursuant to 28 U.S.C. § 1715 |

| DATE | EVENT |
|---|---|
| September 19, 2025 [Day 1] | Preliminary Approval Order entered |
| September 26, 2025 [Day 7] | Deadline for Anthem to provide Class Data to Settlement Administrator |
| October 9, 2025 [Day 20] | Anthem deposits $250K into Settlement Administration Account |
| October 20, 2025 [Day 30] | Notice Deadline |
| November 28, 2025 [Day 69] | Motion for Attorneys' Fees & Costs, Incentive Awards (21 days before Objection Deadline) |
| December 19, 2025 [Day 90] | Objection Deadline (Notice Deadline + 60 days) |
| December 19, 2025 [Day 90] | Opt-Out Deadline (Notice Deadline + 60 days) |
| December 29, 2025 [Day 100] | Final Report on Opt-Outs (Opt-Out Deadline +10 days) |
| January 5, 2026 [Day 107] | Motion for Final Approval of Class Action Settlement |
| January 20, 2026 [Day 120] | Claim Submission Deadline (Notice Deadline + 90 days) |
| January 21, 2026 | Deadline to retract opt-out notice (5 calendar days before Fairness Hearing) |
| January 26, 2026 | Fairness Hearing (to be set by the Court on a date no earlier than 90 days after CAFA notices are sent). |

SO ORDERED.

Dated: __September 19__, 2025                    /s/ Steven I. Locke
                                                 _____

 Central Islip, New York                         Hon. Steven I. Locke
                                                 United States Magistrate Judge