**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARISSA COLLINS, on her own behalf, and on behalf of all others similarly situated, JAMES BURNETT, on behalf of his son, and on behalf of all others similarly situated, and KARYN SANCHEZ, on behalf of her minor son and all others similarly situated,

Plaintiffs,

v.

ANTHEM, INC. and ANTHEM UM SERVICES, INC.,

Defendants.

Civil Action No. 2:20-cv-01969-FB-SIL

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

Plaintiffs Marissa Collins, Karyn Sanchez, James Burnett, and A.I.[1] ("Plaintiffs" or "Class Representatives"), individually and on behalf of the Class, and Defendants Anthem, Inc. and Anthem UM Services, Inc. (collectively, "Defendants" or "Anthem") have determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated June 30, 2025, and all exhibits thereto (the "Settlement Agreement"), the original of which is filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement").

Currently pending is an application for final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (ECF No. 134) and of the amended Plan of Allocation

[1] On June 21, 2022, this Court granted Intervenor Plaintiff A.I.'s motion to proceed anonymously in this litigation and to seal or redact personally identifying information pertaining to himself and his minor daughter. *See* ECF Nos. 55, 58 and Electronic Order dated June 21, 2022.

(ECF No. 134-4); also pending is Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses and Incentive Awards for Named Plaintiffs (the "Fee Motion") (ECF No. 131).

In connection with the Settlement and the current applications before the Court, the Court makes the following findings:

A. On September 22, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to Class Members (the "Preliminary Approval Order"), which preliminarily approved the parties' Settlement, appointed Simpluris as the Settlement Administrator, and directed that notice be given to the members of the Class about the proposed Settlement and about a Fairness Hearing. *See* ECF No. 129.

B. In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") to be directed to Class Members.

C. On July 10, 2025, the Settlement Administrator mailed the Class Action Fairness Act Notice ("CAFA Notice") previously approved by the Court to the appropriate persons or entities.

D. On October 20, 2025, the Settlement Administrator caused the Notice to be mailed to all Class Members, which informed Class Members of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement and Plan of Allocation; (ii) whether the Court should enter final judgment dismissing the Action with prejudice; (iii) the amount of attorneys' fees, costs, and expenses, if any, to be awarded to Class Counsel; (iv) whether to approve payment of the Incentive Awards to the Class Representatives and the amount of each Incentive Award; and (v) any

objections by Class Members to any of the above that were timely and properly served in accordance with the Preliminary Approval Order.

E. On November 26, 2025, Plaintiffs filed the Fee Motion.

F. On January 5, 2026, Plaintiffs filed a Motion for Final Approval.

G. A Fairness Hearing was held on March 24, 2026.

H. 36 Class Members chose to exclude themselves from the Settlement by submitting timely and valid Opt-Out Forms, and one objection to the Settlement was submitted to the Court by the December 19, 2025 deadline. No objections were made at the Fairness Hearing.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Settlement, the amended Plan of Allocation, and the Fee Motion and request for the Incentive Awards for the Named Plaintiffs, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and amended Plan of Allocation and the record of all proceedings in this case, and having made the foregoing findings, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to the Action, including the Class Members.

2. The Settlement Agreement and all of its exhibits (as filed with the Court, *see* ECF Nos. 124-3 & 125), and the Amended Plan of Allocation (as filed with the Court, *see* ECF No. 144-1 and 144-2) are incorporated in this Final Order and Judgment, including the definitions and terms set forth in the Settlement Agreement.

3. The Class previously certified by the Court is defined as:

> Any member of a health benefit plan governed by ERISA, the terms of which require that covered services must be provided in accordance with generally accepted standards of medical practice, (a) whose request for coverage of residential treatment services for

a behavioral health disorder was denied for lack of medical necessity by Anthem UM Services, Inc. on or after April 29, 2017; where (b) such denial was based on Anthem's Clinical UM Guidelines or the MCG Guidelines for Residential Behavioral Health Level of Care; and (c) such denial was not reversed on administrative appeal.

Mem. and Order, ECF No. 112, at 39.

4. Notice to the Class Members has been given in an adequate and sufficient manner and the Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Class, and their opportunity to exclude themselves from the Class or to present objections to the Settlement. The Notice complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law.

5. Class Members were given the opportunity to exclude themselves from the Class through submission of Opt-Out Forms, and 36 individuals did so in a timely fashion and did not subsequently retract such request for exclusion. These individuals are identified on the papers filed with the Court on January 5, 2026, ECF No. 133-1 and supplemented on April 9, 2026, ECF Nos. 142 & 143.

6. No individuals submitted Opt-Out Forms that were either untimely or not adequately completed.

7. Defendants have satisfied the requirements of the Class Action Fairness Act pursuant to 28 U.S.C. § 1715.

8. The Court finally approves the Settlement and amended Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Class pursuant to Rule 23(e). The Settlement was not a product of fraud or collusion, and the Court finds it to be fair, reasonable, and adequate under Rule 23(e)(2). The Court finds that: (A) the Class Representatives and Class

Counsel have adequately represented the Class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims, and (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (D) the proposal treats Class Members equitably relative to each other.

The Court also finds the Settlement fair, reasonable, and adequate under the factors set out in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds* by *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000), which consider: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the Class through the trial; (7) the ability of Defendants to withstand a greater judgment; (8) the range of reasonableness of the Settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation.

9. The terms of the Settlement Agreement, including all exhibits to the Settlement Agreement and to this Final Order and Judgment, shall be forever binding on the Class.

10. Neither the Settlement, this Final Order and Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission by Defendants, of any fault, wrongdoing, or liability whatsoever.

11. The parties and the Settlement Administrator shall carry out all the terms of the Settlement, including distribution of the Settlement Fund in accordance with the amended Plan of

Allocation to each of the Class Members, and the release provisions in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

12. Defendants shall have no liability or responsibility for any payments, fees, or costs under this Final Order and Judgment or the Settlement aside from the Settlement Amount. Under no circumstances shall Defendants be required to pay any amounts in furtherance of this Settlement, this Final Order and Judgment, and the administration of the Settlement other than the payment of the Settlement Amount.

13. Releases:

A. Class Members (on their own behalf and on behalf of their representatives and others listed in Paragraph 13(x) of the Settlement Agreement) fully, finally, and forever release, relinquish, and discharge Defendants and their Affiliated Entities from, and shall forever be enjoined from prosecution of Defendants and their Affiliated Entities for, any and all "Released Claims," which the Settlement Agreement defines as:

> [A]ll claims raised in the Complaints and any and all liabilities, suits, debts, covenants, controversies, promises, judgments, rights, claims, actions, class claims, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that were or could have been alleged or asserted in the Action, with respect to the Class Members' requests for benefits for residential treatment services that were denied for lack of medical necessity throughout the Class Period.

B. Class Members expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect exists in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Class Members expressly waive all rights related to

the Released Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Members acknowledge that they may have claims that are covered by the terms of this Settlement that they have not yet discovered. Class members acknowledge that they intend to release any and all such known, unknown or unsuspected Released Claims. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, Class Members hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and relinquished by Class Members, and Class Members agree and acknowledge that this provision is an essential term of the Settlement and this release.

C. Class Members are barred and permanently enjoined from prosecuting any and all Released Claims against Defendants or their Affiliated Entities.

D. Nothing in this Final Order and Judgment or the Settlement Agreement shall preclude any action to enforce the terms of the Settlement.

14. Without affecting the finality of this Final Order and Judgment in any way, this Court will retain exclusive continuing jurisdiction over all parties and Class Members with regard to implementation of the Settlement Agreement, disposition of the Settlement Fund, and enforcement and administration of this Settlement Agreement. The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Final Order and Judgment and/or the Settlement.

15. The Fee Application is granted. The Court approves as fair, reasonable, and adequate attorneys' fees of $4,291,666.67, expenses of $180,116.93, and Incentive Awards for the Class Representatives of $10,000.00 each, all amounts to be paid from the Settlement Amount.

16. The Action is DISMISSED WITH PREJUDICE. The parties shall bear their own costs except as provided by the Settlement.

17. No Class Representative or Settlement Class Member, either directly, representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been released under the Settlement, and they are hereby permanently enjoined from so proceeding, including during the pendency of any appeal from this Order Granting Final Approval of Class Settlement.

18. Pursuant to the Settlement, and there being no just reason for delay, the Court hereby ENTERS FINAL JUDGMENT, which the Clerk of Court is DIRECTED to immediately enter. For avoidance of any doubt, this is a final and appealable judgment.

SO ORDERED.

Dated: November 5, 2026

*/s/ Steven I. Locke*
Hon. Steven I. Locke
United States Magistrate Judge